Thomas A. Bustin City Attorney Clearwater
QUESTION:
Is the City of Clearwater authorized by the provisions of Ch. 165, F. S., or Ch. 166, F. S., to create a special taxing district for the purpose of surface water management and weed control of a privately owned lake?
SUMMARY:
The City of Clearwater is not authorized by the Formation of Local Governments Act or the Municipal Home Rule Powers Act to create a special taxing district for the purpose of surface water management and weed control of a privately owned lake.
Section 1(a), Art. VII, State Const., provides, in relevant part, that `[n]o tax shall be levied except in pursuance of law.' With regard to special districts, s. 9(a), Art. VII, State Const., states that such districts may `be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes for their respective purposes except ad valorem taxes on intangible personal property and taxes prohibited by this constitution.' Section 9(b), Art. VII, provides, inter alia:
 [a]d valorem taxes . . . Shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: . . . for . . . special districts a millage authorized by law approved by vote of the electors . . . .
From the foregoing, it is evident that the State Constitution imposes two conditions upon the levy of ad valorem taxes by a special district: the special district must be authorized by general or special law to levy ad valorem taxes; and the tax must not be levied in excess of the millage authorized by law and approved by vote of the electors within the district.
My examination of the Formation of Local Governments Act, prescribing the exclusive procedure for forming of dissolving special districts, reveals no provision therein which authorizes a municipality to create a special taxing district for the purposes described in your letter, or to confer upon such district the power to levy ad valorem taxes within the district. Cf. s.125.01(5)(a) and (c), F. S., relating to the establishment of certain special districts by county ordinance and the levying of ad valorem taxes therein subject to approval by vote of the district electors; part V of Ch. 163, F. S., relating to the creation of new community districts for the special purposes prescribed therein and the levying of ad valorem taxes by such districts subject to referendum by the electors of such districts where required by the State Constitution. Section 165.041(2), F. S., provides for the creation of a special district by ordinance of a municipal governing body, if such action is the best alternative available for delivering the specialized service and the district is amenable to separate district government (see s.165.061(3), F. S.). However, s. 165.041(2), F. S., `does not by its terms confer any ad valorem taxing power upon any special district which may be created by municipal ordinance under its provisions . . . .' (Emphasis supplied.) Attorney General Opinion 078-92. Further, while s. 166.211(1), F. S., authorizes municipalities to levy ad valorem taxes, it does not purport to empower any special district created by municipal ordinance pursuant to s. 165.041(2) to levy such taxes within the district.
Therefore, in the absence of a statute authorizing the City of Clearwater to create a special taxing district for the purposes of surface water management and weed control of privately owned fresh water lakes, the city is not empowered to do so. See AGO 078-92 noting that a special district, however created, is not ipso facto a special taxing district.
In reaching the foregoing conclusion, I have not overlooked the broad powers of home rule which have been granted to municipalities under Ch. 166, F. S. However, the Municipal Home Rule Powers Act prohibits municipalities from exercising powers which have been expressly prohibited or preempted to the state by the Constitution. Section 166.021(3)(b) and (c), F. S. In this regard, the Constitution, in effect, states that only theLegislature has the authority to confer ad valorem taxing power upon special districts. Sections 1(a) and 9(a) and (b), Art. VII,supra. Cf. s. 125.01(5)(a) and (c); 163.623, F. S. Thus, a municipality possesses no authority under the Municipal Home Rule Powers Act to confer ad valorem taxing power upon a special district; such taxing power must be conferred pursuant to authorization found in general or special law.
Prepared by: Patricia R. Gleason, Assistant Attorney General